IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONDEY A. THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:23-CV-108-ECM-KFP |
| ) | |
| STATE OF NEW YORK, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Rondey Thornton filed the Complaint in this case against the State of New York, State of Alabama, and City of Wetumpka. The State of Alabama filed a Motion to Dismiss (Doc. 7). Thornton has not served the other two defendants. The Court ordered Thornton to file a response to the State's motion (*see* Doc. 9), but he failed to do so. The Court then ordered Thornton to show cause why this case should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. *See* Doc. 12. Thornton again failed to respond. Upon consideration of the Complaint, the State's motion, and Plaintiff's refusal to obey court orders, the Magistrate Judge RECOMMENDS that this case be DISMISSED against all defendants, as set forth below.

**I.    PLAINTIFF'S COMPLAINT**

Thornton states in his Complaint that this action is brought pursuant to 28 U.S.C. § 112, Protection of Foreign Officials, Official Guests, and Internally Protected Persons, and

he asserts that his "official status" is "American Indian Moor, Chief Magistrate, ALIBAMOS KITAWAH NATION (AKN) City Alabama, League Indian Nations North America (LINNA)." Doc. 1 at 2. The Complaint makes the conclusory allegation that the defendants are "in clear violation" of 18 U.S.C. § 112, and the remainder of the Complaint merely sets out the statute verbatim.

The State of Alabama filed a motion to dismiss arguing that the Court lacks subject matter jurisdiction because it is immune from suit due to sovereign immunity. However, because the Complaint fails to state a claim on which relief can be granted as to all defendants and because Plaintiff has failed to obey court orders, the Court finds that dismissal is warranted as to all defendants and that it need not reach the State's argument.

## II.  LEGAL STANDARD

A court may dismiss an action sua sponte under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted as long as the plaintiff is given notice and an opportunity to respond. *Akpore v. Att'y Gen.*, No. 4:19-CV-127-MHH-JEO, 2019 WL 7568075, at *1 (N.D. Ala. Dec. 7, 2019), *report and recommendation adopted,* No. 4:19-CV-0127-MHH-JEO, 2020 WL 129498 (N.D. Ala. Jan. 10, 2020) (citing *Topa v. Melendez,* 739 F. App'x 516, 518 (11th Cir. 2018) (citing *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007)); *Lozano v. Ocwen Federal Bank*, 489 F.3d 636, 642-43 (5th Cir. 2007)).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To avoid a dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

When considering a pro se litigant's allegations, a court holds him to a more lenient standard than those of an attorney. *Barnett v. Lightner*, No. 13-CV-0482-CG-C, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). However, a court cannot rewrite a pro se litigant's deficient pleading to sustain an action. *Id.* (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (relying on *Iqbal,* 556 U.S. 662)). The court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. *Id.* (citing *Iqbal,* 566 U.S. at 681). Moreover, a pro se litigant "is subject to the relevant

law and rules of court including the Federal Rules of Civil Procedure." *Id.* (quoting *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989)).

### III. DISCUSSION

#### A. Failure to State a Claim on which Relief can be Granted

Based on the Court's liberal construction of the Complaint, Thornton appears to assert that he is a foreign official and that the defendants have somehow violated 18 U.S.C. § 112 in their interactions with him. However, even if Thornton's "official status" as "American Indian Moor, Chief Magistrate" made him a foreign official under this statute, the statute is a criminal statute, which provides no private right of action. *Smith v. JP Morgan Chase*, 837 F. App'x 769 (11th Cir. 2021) (holding "criminal statutes do not provide for private civil cause of action, so it follows that [plaintiff's] Title 18 allegations are . . . without merit") (citing *Love v. Delta Air Lines*, 310 F.3d 1347, 1352–53 (11th Cir. 2002)); *see also Walker v. Alexander*, No. 5:18-CV-1618-LCB-SGC, 2020 WL 1237974, at *3 (N.D. Ala. Feb. 14, 2020), *report and recommendation adopted*, No. 5:18-CV-1618-LCB-SGC, 2020 WL 1235904 (N.D. Ala. Mar. 9, 2020) (recognizing that a private citizen has no judicially cognizable interest in prosecuting another person and that decision to prosecute is entrusted by Constitution to executive charged with enforcing laws, not to judiciary) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) and *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000)). Thornton has no private cause of action against

any defendant for any alleged violations of 18 U.S.C. § 112, and his Complaint is due to be dismissed.[1]

While the Court recognizes that a district court should grant a plaintiff an opportunity to amend a complaint when a more carefully drafted complaint may state a claim on which relief could be granted, a court need not grant leave to amend if a more carefully drafted complaint could not state a claim. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Here, Thornton cannot allege different facts to state a claim under a statute that does not provide a private right of action. Thus, any amendment would be futile, and the Court need not allow him an opportunity to amend. *See Smith*, 837 F. App'x at 770 (stating district court did not err in denying leave to amend and concluding amendment would have been futile because plaintiff could not have stated claim under statutes that provided no private rights of action) (citing *Woldeab*, 885 F.3d at 1291).

**B.   Failure to Obey Court Orders**

As an alternative basis for dismissal and as noted above, Plaintiff has failed to comply with two orders. Plaintiff was ordered to respond to the State's Motion to Dismiss by April 24, 2023, but he failed to do so. *See* Doc. 9. He was then ordered to show cause

---

[1] As mentioned above, the Court issued an order requiring Thornton to show cause why this case should not be dismissed for failure to state a claim on which relief can be granted. Thus, Thornton had notice and an opportunity to respond but failed to do so. Additionally, Thornton will have fourteen days to file written objections to this Recommendation, which also serves as notice and an opportunity to respond. *See Akpore*, 2019 WL 7568075, at *1 (citing *Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that party has notice of district court's intent to *sua sponte* grant summary judgment where magistrate judge issues report recommending it) and *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that magistrate judge's report and recommendation would serve as notice that claims would be *sua sponte* dismissed)).

by July 31, 2023, why this case should not be dismissed for failure to state a claim. *See* Doc. 12. He again failed to respond.

The authority to impose sanctions for failure to prosecute or obey a court order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

Plaintiff's failure to obey court orders indicates a lack of interest in the prosecution of this case and disregard for the Court's authority. Therefore, even if the Complaint were not due to be dismissed for failure to state a claim, dismissal would still be warranted under Rule 41(b).

### IV.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted or, alternatively, dismissed without prejudice for failure to prosecute and obey court orders.

Further, it is ORDERED that by **August 22, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11TH CIR. R. 3-1.

Done this 8th day of August, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE